**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

PAUL SYLVA

     **Plaintiff**

        **v.**

CULEBRA DIVE SHOP, <u>et</u> <u>al.</u>,
     **Defendant(s)**

**CIVIL NO.** 04-1646

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

On July 12th, 2004, plaintiff Paul Sylva ("Sylva") filed an Amended Complaint against Culebra Dive Shop[1] and ING Insurance S.A. ("ING"),[2] for damages suffered as a consequence of the wrongful death of his wife, Linda Marie Wieditz ("Mrs. Wieditz"), while diving off the island of Culebra, Puerto Rico, under the supervision of Culebra Dive Shop. (Docket No. 3). Federal jurisdiction is premised on the diversity statute. 28 U.S.C. § 1332(a).

Pending before the Court are two Motions for Summary Judgment. One was filed by the co-defendant Culebra Dive Shop on September 27th, 2004, (Docket No. 16), and the other by ING on October 25th,

_____

[1] The party collectively referred to as "Culebra Dive Shop" includes the Dive Shop, its owners and employees.

[2] The party collectively referred to as "ING" includes ING Insurance SA, Hamburger Versicherungs AG and Gothaer Versicherungen.

04-1646 (JAG)                                                      2

2004. (Docket No. 26).  For the reasons set forth below, the Court
**DENIES** Culebra Dive Shop's Motion and **GRANTS** ING's.

### FACTUAL AND PROCEDURAL BACKGROUND[3]

On July 16th, 2003, Mrs. Wieditz agreed to participate in a
diving excursion in which Culebra Dive Shop furnished maritime
transportation and diving instructors.  Twenty (20) days before the
trip,[4] Mrs. Wieditz signed a Waiver of Responsibility provided by
Culebra Dive Shop. At the time, Mrs. Wieditz had over fifty (50)
dives and was employed by the Rockport, Massachusetts, public school
system.

On or about 10:15 AM on July 16th, 2003, the trip departed from
Culebra Island with six (6) passengers and two (2) crew members on
board the M/V/ Soluzion.  Approximately forty-five minutes later,
the M/V Soluzion experimented engine problems and had to stop at
Soldiers' Point, in Culebra Island.  Subsequently, while one of the
instructors remained in shallow waters with a passenger, a second
instructor took the vessel further off-shore with the other
passengers.

The second instructor dropped anchor in thirty (30) foot deep
waters, and then allowed the passengers into the water.  Shortly
thereafter, the instructor noticed that the sea currents were too

---

[3] The Court extracts the relevant facts from the Magistrate-
Judge's Report and Recommendation. (Docket No. 108).

[4] It is uncontested that Mrs. Wieditz signed the Waiver on June
26th, 2003. (Docket No. 26 at 3).

strong and ordered the passengers back into the boat.  While Mrs. Wieditz was trying to swim back to the vessel, the instructor raised anchor and moved the vessel towards other drifting swimmers.  After that, Mrs. Wieditz could not be found.

After over two hours of fruitless search, the instructors decided to call state and federal authorities for assistance, which responded within minutes with boats and divers.  Search and rescue operations were carried out through July 19th, 2003, with negative results.  Mrs. Wieditz's body was never found and, hence, she is presumed lost at sea and dead.

On July 12th, 2004, Sylva filed the present complaint. On September 27th, 2004, Culebra Dive Shop filed a Motion for Summary Judgment alleging that: 1) Sylva's claims are barred by the execution of a Waiver of Responsibility signed by Mrs. Wieditz; and 2) Mrs. Wieditz expressly and contractually assumed the risks of the diving excursion by executing the Waiver of Responsibility. (Docket No. 16).  On October 22nd, 2004, Sylva opposed Culebra Dive Shop's Motion on the following grounds, to wit: 1) there is a genuine issue of fact as to whether the Waiver of Responsibility was in effect at the time of his wife's death; and 2) even if the Waiver of Responsibility was in effect at the time of her death, it would only bar Sylva's cause of action as an heir of Mrs. Wieditz, not his personal claims.  (Docket No. 24).

On October 25th, 2004, ING filed a Motion for Summary Judgment

04-1646 (JAG)                                                           4

arguing that: 1) the policy excludes coverage to persons participating in any diving activity while in the water; and 2) the policy does not afford coverage due to the vessel's alleged unseaworthy condition. (Docket No. 26).  On December 3rd, 2004, Sylva opposed ING's Motion by arguing that the diving exclusion does not bar policy coverage for his personal claims. (Docket No. 46).

The Court referred both Culebra Dive Shop and ING's Motions for Summary Judgment to Magistrate-Judge Camille Vélez-Rivé for a Report and Recommendation. (Docket No. 104).  On August 2nd, 2005, the Magistrate-Judge issued her Report and Recommendation to deny Culebra Dive Shop's Motion and to grant ING's.  Specifically, Magistrate-Judge Vélez-Rivé believes that it is not clear whether the parties intended the Waiver of Responsibility, which was signed on June 26th, 2003, to extend to the day Mrs. Wieditz died.  Thus, there are issues of material fact as to Culebra Dive Shop's responsibility.  However, the Magistrate-Judge would grant summary judgment as to ING inasmuch as the policy's language is clear in excluding liability for damages arising out of diving activities. (Docket No. 108).

After reviewing the Magistrate-Judge's findings de novo, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation.

## STANDARD OF REVIEW

1. Review of Magistrate-Judge's Report and Recommendation

04-1646 (JAG)                                                          5

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). If a party files timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp2d 144, 146 (D.P.R. 2003) (quoting, Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985). However if the affected party fails to timely file objections, "the district court can assume that they have agreed to the Magistrate's recommendation." Id.

   2.  Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only

if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential

04-1646 (JAG)                                                        7

to change the outcome of the suit under governing law.  The issue
is "genuine" when a reasonable jury could return a verdict for the
nonmoving party based on the evidence.  See Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that
"[t]he mere existence of a scintilla of evidence" is insufficient
to defeat a properly supported motion for summary judgment." Id. at
252.  It is therefore necessary that "a party opposing summary
judgment must present definite, competent evidence to rebut the
motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581
(1st Cir. 1994).

        In making this assessment, the court "must view the entire
record in the light most hospitable to the party opposing summary
judgment, indulging in all reasonable inferences in that party's
favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).
The court may safely ignore "conclusory allegations, improbable
inferences, and unsupported speculation."  Medina-Muñoz v. R.J.
Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

                            **DISCUSSION**

        A.  Culebra Dive Shop's Objections to the Report and
Recommendation

        Culebra Dive Shop objects to the Magistrate-Judge's conclusion
that there are issues of material fact regarding the Waiver of
Responsibility's extension.  Culebra Dive Shop argues the waiver was
signed in advance by Mrs. Wieditz and remained in effect until her

disappearance on July 16th, 2003. Thus, the Dive Shop contends that summary judgment is appropriate because: 1) Sylva's claims are barred by virtue of its execution; and 2) Sylva is barred as a matter of law from pursuing this claim inasmuch as Mrs. Wieditz expressly and contractually assumed the risks inherent to the diving excursion. (Docket No. 113).  The Court disagrees.

The Magistrate-Judge reported that, notwithstanding the uncontested validity of the Waiver, there are issues of fact on whether the Waiver was in effect on July 16th, 2003.  Those issues stem from questions in the Waiver that suggest it could have been intended to apply only for a day, namely: "Last time you dove?"; Number of dives since you have been certified?"; Have you taken any medication on the past 24 hours? If so, please list."; "Recent illness; operations; medications taken; persistent cough; sinus trouble; headaches; ear trouble; and pregnancy."  Based on the foregoing, the Magistrate-Judge concluded that

> there is a material issue of fact of the intention of both parties when the waiver was signed on June 26, 2003 as to when the waiver was applicable.  A reading of the waiver shows it does not specifically state if it was only applicable for the day it was signed; or if it was applicable for another date and not the date it was signed; or if it was applicable for a period of time covering several days, weeks or months after the document was signed.  Moreover, there is no reference on the Waiver as to the number of dives it would be applicable to.  Thus, the Waiver does not specifically indicate whether it was applicable for one dive or multiple dives.  Although there are some questions included in the waiver which may imply the same was applicable for only the day of signature as argued by plaintiffs, the matter is subject to interpretation and it is not free of ambiguity. (Docket No. 108 at 13).

Upon <u>de novo</u> review of the record, the Court finds no reason to depart from the Magistrate-Judge's findings.  In order to solve the issue at hand, the Court would need to dwell on the intention of the contracting parties, which is a matter for the trier of facts. Although a jury may determine ultimately that the parties intended the Waiver to cover the diving trip of July 16th, 2003, the Court cannot grant summary judgment in favor of Culebra Dive Shop on this issue because the record, viewed in the light most favorable to Sylva, does not support that party is entitled to it.   Summary Judgment is thus **DENIED** as to Culebra Dive Shop.

B.   <u>Sylva's Objection to the Report and Recommendation</u>

Sylva objects to the Magistrate-Judge's finding that his personal claim is excluded under ING's policy. Sylva avers that the Magistrate-Judge erred in her construction of Exclusion A of the Policy's Recreational Dive Boat General Endorsement, which states that: "we do not provide coverage for any person for Bodily Injury, Illness, Disease, Death or Property Damage while in the water in connection with any diving activity, or as a consequence of any diving activity." (Docket No. 112 at 1).  Whereas the Magistrate-Judge concluded that the phrase "any person" excluded Sylva's personal claim, Sylva suggests the exclusion is addressed to any person who suffered damages "while in the water."  Hence, since he was not in the water when his wife disappeared, Sylva argues that his personal claim is not excluded from coverage.  <u>See</u> <u>Id.,</u> at

2("Exclusion "A" is an exclusion phrased to address waterborne persons, which Plaintiff was not").  Upon <u>de novo</u> examination, the Court will not depart from the Magistrate-Judge's recommendation of granting summary judgment as to ING.

The Magistrate-Judge correctly noted that the policy's diving exclusion clearly is "risk specific" rather than "claimant specific", and thus precludes all claims related to, or as a consequence of, any diving activity.[5]  In other words, the insurer's purpose was to exclude coverage for liability arising from a particular type of incident, not to preclude a claim made by a particular individual.  When an exclusion clause is clear and applicable, the Court need not dwell on the alleged intent of the parties at the time they entered into the contract, and summary judgment is appropriate.  <u>See</u>; <u>Jewelers Mutual Insurance Co. V. N. Barquet, Inc.</u>; 410 F.3d 2, 16 (1st Cir 2005); <u>Ganapolsky v. Boston Mutual Life Insurance Co.</u>, 138 F. 3d 446, 448 (1st Cir. 1998) <u>In re Reinforced Earth, Co.</u>, 925 F.Supp.913, 918 (D.P.R. 1996).

---

[5] Besides the aforementioned Exclusion A, the policy provides in section 4(k) that third party liability coverage is expressly excluded for "liability to divers operating from the scheduled vessel, from the time they commence to leave the scheduled vessel, until they are safely back on board." (Docket No. 27, Statement of Uncontested Material Facts, "SUMF", No. 13 and 14).  Furthermore, the policy's Recreational Dive Boat General Endorsement expressly provides, in bold type font, that "**[p]ersons participating in any Diving activity are covered only as passengers and only while aboard the Vessel, or the Vessel's diving platform or the Vessel's boarding ladder.**" Docket No. 27, SUMF, No. 19).

04-1646 (JAG)                                                              11

Since it is uncontested that Mrs. Wieditz disappeared while diving off Culebra Island, the incident is excluded from policy coverage.  Summary Judgment as to ING is therefore appropriate.

**CONCLUSION**

In light of the foregoing, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation.  Accordingly, the Court **DENIES** summary judgment as to Culebra Dive Shop, and **GRANTS** summary judgment as to ING.  Partial Judgment shall enter **DISMISSING** Plaintiff's claim against ING.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of August, 2005.


_____     **Jay A. García-Gregory**
                                     JAY A. GARCIA-GREGORY
                                     United States District Judge